**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 04-11949 |
| EXCEL INTERIORS, INC., | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |

**NOTICE OF MOTION**

   **PLEASE TAKE NOTICE** that on Wednesday**, December 21, 2011** at 10:00 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in his stead, in Room 613 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **Motion Of The Reorganized Debtor For Entry Of A Final Decree Closing Its Chapter 11 Case**, a copy of which is hereby served upon you.

Dated: November 30, 2011

              **EXCEL INTERIORS, INC.**

              By: /s/ Joy L. Monahan

              David J. Fischer (Atty. No. 813745)
              Joy L. Monahan (Atty. No. 6291826)
              Edwards Wildman Palmer LLP
              225 West Wacker Drive
              Suite 3000
              Chicago, Illinois 60606-1229
              Tele.: (312) 201-2000
              Fax:  (312) 201-2555

              *Attorneys for Debtor and Reorganized Debtor*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 30, 2011, a true and correct copy of the **Motion Of The Reorganized Debtor For Entry Of A Final Decree Closing Its Chapter 11 Case** was served to all parties of record on the attached Service List, via Electronic Case Filing or U.S. Mail.

                                                **EXCEL INTERIORS, INC.**

                                                By:  */s/ Joy L. Monahant*
                                                          One of Its Attorneys

David J. Fischer (Atty. No. 813745)
Joy L. Monahan (Atty. No. 6291826)
Edwards Wildman Palmer LLP
225 West Wacker Drive,
Suite 3000
Chicago, IL  60606-1229
Telephone: 312-201-2000

## SERVICE LIST

| | |
|---|---|
| CAMERON GULDEN<br>OFFICE OF THE U. S. TRUSTEE<br>REGION 11<br>227 W. MONROE STREET, SUITE 3350<br>CHICAGO, IL 60606 | DEPT OF THE TREASURY<br>INTERNAL REVENUE SERVICE<br>230 S. DEARBORN<br>STOP 5016-CHI<br>CHICAGO, IL  60604 |
| Ford Motor Credit Company<br>Drawer 55-953<br>PO Box 55000<br>Detroit, MI  48255-0953 | Bank of America<br>P 0 Box 53155<br>Phoenix, AZ 85072-3155 |
| Carpenters Local 790<br>P 0 Box 4001<br>Geneva, IL 60134-4001 | Chicago Carpenters Trust Funds<br>P 0 Box 94432<br>Chicago, Il 60690-4432 |
| Chicago Painters and Decorating<br>8160 S Cass Ave<br>Darien, IL 60561-5013 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Fasteners Unlimited Inc.<br>951 Old Rand Road, Unit 108<br>Wauconda, IL 60084-1289 | Ford Credit<br>PO Box 219686<br>Kansas City, MO  64121-9686 |
| Great Lakes Building Material<br>P 0 Box 4255<br>Naperville, IL 60567-4255 | Excel Interiors Inc.<br>725 Armstrong Drive<br>Buffalo Grove, IL 60089-1885 |
| U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1704 | Blue Book Building & Construction<br>Contractors Register Inc.<br>P 0 Box 500<br>Jefferson Valley, NY 10535-0500 |
| Case Credit Corporation<br>233 Lake Avenue<br>Racine, WI 53403-1015 | Chicago District Council of Carpenters Pension<br>Bruce C Scalambrino<br>Scalambrino & Arnoff<br>33 North Lasalle Street, Suite 1210<br>Chicago, IL 60602-3416 |
| Construction Specialties Inc.<br>P 0 Box 31909<br>Hartford, CT 06150-1909 | Don's Welding & Fabricating<br>552-A S. Rand Road<br>Wauconda, IL 60084-2321 |
| First Midwest Bank<br>PO Box 125<br>Bedford Park, IL 60499-0125 | Ford Motor Credit Company<br>PO Box 6275<br>Dearborn, MI 48121-6275 |
| Hartford Insurance Company<br>Attn Barbara Visser<br>Garden State Regional Claims Office<br>P 0 Box 3000<br>Rockaway, NJ 07866 | Azteca Plastering Inc.<br>1217 South Wenonah<br>Berwyn, Il 60402-1041 |
| CCMTNH INC<br>c/o Carole Moss Covici<br>3665 Woodhead Drive<br>Northbrook, IL 60062 | Chicago Area Building Specialties<br>303 W Irving Park Road<br>Roselle, IL 60172-1123 |
| Chicago Flameproof<br>1200 S Lake Street<br>P 0 Box 318<br>Montgomery, Il 60538-0318 | Delaurentis, Vince<br>1127 Beverly Drive<br>Lake Villa, IL 60046 |

2104261_1.DOC                                      3

| | |
|---|---|
| E & F Building LLC<br>Attn: Ed Covici, Member<br>3665 Woodhead Drive<br>Northbrook, IL 60062 | Firststar Bank NA<br>PO Box 790139<br>St. Louis, MO 63179-0139 |
| General Ceiling of Illinois Inc.<br>1612 S. Wabash Street<br>Chicago, IL 60616-1218 | Home Depot Credit Services<br>P 0 Box 6029<br>The Lakes, NV 88901-6029 |
| Illinois Dept of Employment Security<br>Atty General Section 9th Floor<br>33 S State Street<br>Chicago, IL 60603-2804 | Laborers Pension and Welfare Funds<br>11465 Cermak Road<br>Westchester, IL 60154-5771 |
| Marks Marks & Kaplan<br>55 West Monroe Street, Suite3300<br>Chicago, IL 60603-5088 | Mutual Sales Corporation<br>Donald C Stinespring & Associates<br>P 0 Box 382<br>Richmond, IL 60071-0382 |
| New Horizons Development Corp<br>c/o Ed Covici<br>3665 Woodhead Drive<br>Northbrook, IL 60062 | Quill Corporation<br>P 0 Box 94081<br>Palatine, IL 60094-4081 |
| Salvador Ochoa<br>1786 Illinois Street<br>Des Plaines, IL 60018-2269 | Wellbuilt Equipment<br>617 South Maple<br>Grant Park, IL 60940-9213 |
| Illinois Dept. Of Revenue Bankruptcy Unit<br>100 W. Randolph #7-400<br>Chicago, Ill 60601-3218 | MB Financial<br>1200 North Ashland<br>Chicago, IL 60622-2259 |
| Midwest Siding Supply Inc<br>244 S River Street<br>Aurora, IL 60506-6061 | Naperville Northwest Building Materials<br>41 W 524 Diehl Road<br>Naperville, IL 60563 |
| Northwest Building Material Supply<br>21775 N Weiland Road<br>Lincolnshire, Il 60069-9737 | Reinke Gypsum Supply Co Inc<br>2440 S Wolf Road<br>Des Plaines, IL 60018-2604 |
| Tempo Components Inc.<br>Division of Tempo Wood Products<br>110 Brennan Drive<br>Kirkland, IL 60146-8549 | JJ McIlwee Co<br>1400 Ardmore Ave<br>Itasca, IL 60143-1107 |
| MB Financial<br>Shaw Gussis Fishman Glantz<br>   Wolfson & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, IL 60654-4766 | Mutual Sales Corp<br>MCS E C Bauman Co<br>2447 W Belmont Ave<br>Chicago, IL 60618-5917 |
| Department of the Treasury – Internal Revenue<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114 | Paintres District Council #30<br>c/o Thomas J Angell<br>122 S Michigan Ave #1720<br>Chicago, Il 60603-6145 |
| Rolling Hills Nursery Inc<br>22149 N Pet Lane<br>Prairie View, IL 60069-4112 | Total Plastics Inc.<br>1872 Brummel Drive<br>Elk Grove Village, IL 60007-2121 |
| Michael T. Prousis<br>Assistant Attorney General<br>Chief, Unemployment Insurance Bureau<br>33 South State Street 9th floor<br>Chicago, Illinois 60603 | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EXCEL INTERIORS, INC. | ) | Case No. 04-11949 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**MOTION OF THE REORGANIZED DEBTOR FOR ENTRY**
**OF A FINAL DECREE CLOSING ITS CHAPTER 11 CASE**

NOW COMES Excel Interiors, Inc. (the "*Debtor*") and the reorganized debtor, New Excel Interiors, Inc. ("*New Excel*" and collectively, with the Debtor, "*Excel*"), by and through undersigned counsel, respectfully submits this motion (the "*Motion*") for entry of a final decree closing its chapter 11 case. In support of this Motion, Excel respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are section 350(a) of the United States Bankruptcy Code (the "*Bankruptcy Code*"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 3022-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

**Background**

3. On or about March 25, 2004 (the "*Petition Date*"), the Chicago and Northeast Illinois District Council of Carpenters Apprentice and Trainee Program Fund,

the Chicago District Council of Carpenters Welfare Fund, and the Chicago District Council of Carpenters Pension Fund filed an Involuntary Petition under Chapter 7 of the United States Bankruptcy Code against the Debtor.  On April 26, 2004, the Court entered an Order for Relief against the Debtor.  On April 28, 2004, the Court converted this case from a case under Chapter 7 of the Bankruptcy Code to a case under Chapter 11 of the Bankruptcy Code (the "***Bankruptcy Case***").

4. On September 26, 2005, this Court confirmed the Debtor's Amended Plan of Reorganization [Docket No. 138].[1]  The effective date of the Plan occurred on October 11, 2005 (the "***Effective Date***").  Pursuant to the Plan and order confirming the Plan [Docket No. 138], all property of the Debtor's estate vested in New Excel, the Reorganized Debtor, on the Effective Date.

5. Excel has worked diligently to substantially conclude all remaining matters relating to the administration of the estate.  Excel worked diligently to resolve and reconcile the Proofs of Claim filed in Excel's bankruptcy case.  As part of the Claims reconciliation process, Excel and its professionals identified Claims which were objectionable on one or more grounds and raised appropriate objections.  On February 16, 2006, the Bankruptcy Court entered orders resolving all pending objections to Claims (Docket Nos. 147-164].  Accordingly, all pending Claims objections have been resolved and the Claims reconciliation process is now complete.

6. On June 5, 2007, the State filed a third proof of claim, number 26 ("Claim No. 26") asserting that Excel was liable to the State for alleged contributions and taxes owed for prepetition and postpetition periods beginning in January 2004 through

---

[1] All capitalized terms not defined herein shall be defined as set forth in the Debtor's Amended Plan of Reorganization [Docket No. 113] (the "***Plan***") and the Debtor's Amended Disclosure Statement [Docket No. 114](the "***Disclosure Statement***").

February 2006, in the aggregate amount of $156,038.67. Excel disputed the amounts claimed in Claim No. 26 on the grounds that the amounts asserted was incorrectly calculated and was time-barred. Excel had determined that it was in its best interest to negotiate an amicable resolution instead of filing an objection to Claim No. 26 or seek to enjoin the State's collection efforts.

7. Since December 2007, Excel has sought to negotiate a resolution with the State to resolve Claim No. 26 so that it could close the Bankruptcy Case. Excel has continued to file monthly operating reports [Docket Nos. 166 – 216, 218, and 219] during this time while the Bankruptcy Case remained open.

8. After negotiating for almost four years, Excel and the State have reached a settlement agreement (the "*Settlement Agreement*") subject to Bankruptcy Court approval. Contemporaneously herewith, Excel has filed a motion to approve the Settlement Agreement so that it can finally close the Bankruptcy Case.

**Relief Requested**

9. Excel respectfully requests that the Bankruptcy Court enter a final decree closing the Bankruptcy Case.

**Applicable Authority**

10. "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Consistent with the foregoing statute, Rule 3022 of the Federal Rules of Bankruptcy Procedure provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Although the term "fully administered" is not defined, the

Advisory Committee Note to Bankruptcy Rule 3022 lists the following factors for determining whether a case has been fully administered:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See also In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D.Ill. 1992) (considering the above factors in determining whether a case has been "fully administered"). Furthermore, entry of a final decree should not be delayed because payments required under the Plan have not been completed or because there is a possibility that the court's jurisdiction may be invoked in the future. *Jordan Mfg. Co.*, 138 B.R. at 35-36 (referring to the Advisory Committee Note to Fed. R. Bankr. P. 3022).

11. The Debtor has substantially consummated the Plan and all of the distributions thereunder have been made. The Confirmation Order is final and the Effective Date has occurred. All expenses arising from the administration of this estate, including court fees, U.S. Trustee fees, professional fees and expenses, have been paid or will be paid prior to the hearing on this Motion. All motions, contested matters and other proceedings that were before this Court in this chapter 11 proceeding have been resolved or will be resolved prior to or contemporaneously with the hearing on this Motion. Accordingly, it is appropriate for the Court to enter a final decree closing this case.

## Notice

12. The Debtor has provided notice of this Motion by either electronic mail or facsimile and by U.S. mail to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the State, (c) the Internal Revenue Service; and (d) all parties that have appeared or otherwise requested notice in this chapter 11 case. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) entering a final decree closing this chapter 11 case, and (ii) granting such other relief as is necessary and proper.

Dated: November 30, 2011    EXCEL INTERIORS, INC.

By: _/s/ Joy L. Monahan_
  One of Its Attorneys

David J. Fischer (Atty. No. 813745)
Joy L. Monahan (Atty. No. 6291826)
Edwards Wildman Palmer LLP
225 West Wacker Drive - Suite 3000
Chicago, IL 60606
Phone: (312) 201-2000
Facsimile: (312) 201-2555